UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| RAYMOND COX | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:00-cv-176/1:96-cr-82 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM AND ORDER

This matter is presently before the Court on four motions filed by Raymond Cox ("Cox") (Court File Nos. 51-54). The Court previously denied Cox's Rule 60(b) motion as an unauthorized second or successive § 2255 motion requiring precertification from the Sixth Circuit and transferred it to the United States Court of Appeals for the Sixth Circuit (Court File No. 49).

The first motion before the Court is Cox's request to proceed *in forma pauperis* on appeal. This case has been transferred to the Sixth Circuit. Therefore, the Court certifies that any appeal would not be taken in good faith and would be totally frivolous. Accordingly, the motion to proceed *in forma pauperis* on appeal is **DENIED** (Court File No. 51).

It appears Cox intended to file his second motion–a motion styled for the Sixth Circuit which requests to stay the action presently pending in that court–in the Sixth Circuit as reflected in the style of the motion (Court File No. 52). However, Cox, apparently inadvertently, mailed the motion requesting to stay the action in the Sixth Circuit to the District Court Clerk (Court File No. 52). As the Court does not have jurisdiction to stay Sixth Circuit cases, the motion is **DENIED** (Court File No. 52).

Cox's third motion requests a certificate of appealability ("COA") (Court File No. 53). Cox's application for a COA is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or that jurists of reason would find this Court's denial of his

Rule 60(b) motion as an unauthorized second or successive § 2255 motion requiring precertification from the Sixth Circuit, debatable. 28 U.S.C. § 2253(c)(2); Rule 22(b) of the FEDERAL RULES OF APPELLATE PROCEDURE; *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot[ v. Estelle*, 463 U.S. 880, 894 (1983)] includes showing reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" (citation omitted)). Accordingly, Cox's motion for a certificate of appealability is **DENIED** (Court File No. 53).

The final motion before the Court is Cox's "Demand for Mandatory Judicial Notice and for Correction of the Record" (Court File No. 54). As the Court understands this motion, Cox complains the docket entry for Court File No. 43 refers to the document as a notice of appeal when the actual title of the document is "Petition for Certificate of Appealability under 28 U.S.C. § 2253 et. seq." Therefore, Cox requests a formal statement stating the correct title of Court File No. 43 or a correction to the docket sheet reflecting the actual title of the document. Cox filed his petition for certificate of appealability in the Sixth Circuit (Court File No. 43). The Sixth Circuit directed the District Court Clerk to file the document as a notice of appeal if no notice of appeal had been filed in the case.[1] As no notice of appeal had been filed by Cox in his § 2255 case, the Clerk, following the directions of the Sixth Circuit, filed the petition for certificate of appealability as a notice of

---

[1] After this Court denied Cox relief on his § 2255 motion, Cox filed a petition for certificate of appealability in the Sixth Circuit. The Sixth Circuit sent the petition, along with a letter instructing the Court Clerk how to docket the document, to the District Court Clerk. Court File No. 43 includes a letter from the Sixth Circuit, dated July 1, 2002, instructing the Clerk to treat the application as a notice of appeal if no formal notice of appeal was filed.

appeal. Accordingly, Cox's demand for mandatory judicial notice and correction of the record is **DENIED** (Court File No. 54).

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**